IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tavius Cortez Wiggins,<br><br>Defendant,<br><br>v.<br><br>United States of America. | Criminal No. 3:20-cr-693-SAL<br>Civil No. 3:25-cv-13815-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendant Tavius Cortez Wiggins's motion to vacate under 28 U.S.C. § 2255.[1] [ECF No. 74.] He also later filed a motion to dismiss. [ECF No. 84.] The Government opposes the relief Wiggins seeks, arguing his motion should be dismissed as time-barred or, alternatively, for lack of merit. [ECF No. 88.] Wiggins opposes the Government's motion. [ECF No. 91, 92.] For the reasons below, the court **GRANTS** the Government's motion and **DENIES** both of Wiggins's motions.

## BACKGROUND

In November 2020, Wiggins was charged with two counts of possession of a firearm after a prior felony conviction, in violation of 28 U.S.C. § 922(g)(1). [ECF No. 3.] He later pleaded guilty to one of those counts. [ECF No. 53, 56, 57.] On April 7, 2022, he was sentenced to one hundred eight months' imprisonment, followed by three years of supervised release. [ECF No. 69.]

Wiggins did not file an appeal.

In June 2025,[2] Wiggins filed this motion to vacate his conviction and sentence under 28 U.S.C. § 2255. [ECF No. 74.] He argues that his felon in possession conviction is invalid in light

---

[1] Wiggins references 28 U.S.C. § 2241 in his motion, *see* ECF No. 74 at 1, but because he is challenging his conviction and sentence, and not the execution of his sentence, his motion is properly construed under § 2255.

[2] Wiggins's motion was received by the court on June 30, 2025. *See* ECF No. 74. The envelope containing Wiggins's motion did not have a prison mailroom stamp, so it is unclear when Wiggins

of *Range v. Att'y Gen. U.S.*, 124 F. 4th 218 (3d Cir. 2024), and Executive Order 14206, signed by President Trump on February 7, 2025. [ECF No. 74.] Wiggins later filed a separate motion to dismiss, asserting that his case should be dismissed and that he should be released because the Government failed to respond by the court-ordered deadline. [ECF No. 84.]

The Government opposes Wiggins's motion to vacate under § 2255 and seeks its dismissal, arguing the motion is time-barred and, even if timely, lacks merit. [ECF No. 88.] Wiggins opposes. [ECF Nos. 91, 92.]

## LEGAL STANDARDS

### I. Motion to Dismiss

The Rules Governing Section 2255 Proceedings incorporate the Federal Rules of Civil Procedure. *See* Rule 12, Rules Governing Section 2255 Proceedings. Here, where the Government argues Wiggins has failed to state a claim entitling him to relief, the relevant standard is found in Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009), and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). The court may also apply this standard to a motion to challenging a habeas petition. *See Walker v. Kelly*, 589 F.3d 127, 138–39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus petition under § 2254); *United States v. Reckmeyer*, 900 F.2d

---

filed his motion by placing it in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 270–71, 276 (1988) (discussing the prison mailbox rule, whereby the date of filing is the date on which a prisoner places a document into the prison mail system). The motion is dated June 17, 2025, but even if it was filed that same day, it is years out-of-time.

257, 1990 WL 41044, at *4 (4th Cir. 1990) (Table) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition.").

**II. 28 U.S.C. § 2255**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion under 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such a sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, however, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

**DISCUSSION**

The court agrees that the statute of limitations bars Wiggins's motion.[3]

Even assuming the statute of limitations defense was waived,[4] however, Wiggins is not entitled to relief on the merits. Wiggins relies on *Range v. Att'y Gen. U.S.*, 124 F. 4th 218 (3d Cir. 2024),[5] and an executive order to support his argument that his § 922(g) conviction is invalid. *See* ECF No. 74. But binding Fourth Circuit precedent forecloses Wiggins's position. *See United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) ("No federal appellate court has held that Section

---

[3] Judgment was entered on April 7, 2022, and because Wiggins did not appeal, that judgment became final fourteen days later, on April 21, 2022. The one-year limitations period began running the next day. *See* 28 U.S.C. § 2255(f); *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). None of the authorities on which Wiggins relies provides a basis for a later starting date. Therefore, Wiggins had until April 21, 2023, to file a timely § 2255 motion.

Wiggins did not file his motion until June 17, 2025, over two years after the statute of limitations expired, so the Government argues Wiggins' § 2255 motion is time-barred. [ECF No. 88.] The court agrees. Wiggins offers no explanation for the untimeliness of his motion and does not assert any basis for equitable tolling.

[4] Wiggins challenges the Government's response as untimely. *See* ECF No. 84. The Government's initial extension request was filed after the response deadline set by the court, *see* ECF Nos. 76, 78, but that extension was granted, and thereafter, the Government timely requested and received extensions, *see* ECF Nos. 79, 81, 82, 85, 86, to respond to Wiggins's motion. Even were the court to find that the initial extension should not have been granted absent a showing of excusable neglect, the court would not strike the response altogether. *See United States v. Morris*, 37 F.4th 971, 975 (4th Cir. 2022) (noting that it "makes little sense" to deprive the court of briefing on issues it must resolve). At most, the court would find the statute-of-limitations defense waived. But even if the Government's response and motion were stricken, Wiggins would not be entitled to relief. He bears the burden under § 2255, and the record and law do not support his claims.

[5] Wiggins's initial motion references "*Range v. Garland* 3rd Cir, 2024," but it seems he means to cite *Range v. Att'y Gen. U.S.*, 124 F. 4th 218 (3d Cir. 2024) ("*Range II*"), an expressly "narrow" opinion reversing a § 922(g)(1) conviction of a man with a food-stamp fraud felony on his record. *Range II* was issued by the Third Circuit after its earlier decision in *Range v. Att'y Gen. U.S.*, 69 F.4th 96 (3d Cir. 2023), was vacated by the Supreme Court, *Garland v. Range*, 144 S. Ct. 2706 (2024).

922(g)(1) is facially unconstitutional, and we will not be the first."). Further, the executive order Wiggins relies on expressly states that it does not "create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States . . . ." Exec. Order No. 14,206, 90 F.R. 9503 (Feb. 7, 2025). None of the authority supplied by Wiggins invalidates his § 922(g) conviction. Accordingly, Wiggins is not entitled to relief on his § 2255 motion.

**CONCLUSION**

Because Wiggins' motion to vacate under § 2255 is time-barred, and alternatively, lacks merit, it must be denied. Accordingly, the Government's motion to dismiss, ECF No. 88, is **GRANTED**. Wiggins's motion to vacate, ECF No. 74, and motion to dismiss, ECF No. 84, are **DENIED**. It is further ordered that a certificate of appealability is denied as Wiggins has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6]

**IT IS SO ORDERED.**

Sherri A. Lydon

September 22, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Wiggins has not made the requisite showing.